## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

| | |
|---|---|
| Sara Elisabethe Lemacks, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VISA U.S.A., Inc.<br><br>Defendant. | C/A No. 7:04-2469-GRA<br><br><br>**ORDER**<br>(Written Opinion) |

This matter is before the Court on Plaintiff's Motion to Compel against non-party BB&T for compliance with a November 22, 2004 subpoena.   For the reasons stated below, Plaintiff's Motion to Compel is GRANTED.

### I. Facts

This case involves a challenge to the alleged practice of banks placing pre-authorization holds on checking or Direct Deposit (DDA) accounts for debit card transactions which exceed the final, settled transaction amount.    Plaintiff commenced this suit on July 23, 2004 by filing a complaint and serving the summons and complaint on VISA.   In the complaint, Plaintiff alleges causes of action against VISA for negligence, conversion, and conspiracy.

On November 22, 2004, Plaintiff served BB&T with a subpoena which included a request for documents and for a deposition under FRCP 30(b)(6).  The only parts of the subpoena which remain in dispute are Items 1 through 4 of

Attachment B to the Rule 30(b)(6) Deposition Notice.  Specifically, BB&T objects to the following four requests made by the Plaintiff on BB&T to produce for deposition: 1) the person or persons most knowledgeable of the methodology employed by BB&T for computing the average daily balance in customers' checking accounts; 2) the person or persons most knowledgeable of the methodology employed by BB&T for computing the available balances within the deposit account and within the debit card account of BB&T customers; 3) the person or persons most knowledgeable of the methodology employed by BB&T for computing daily and cycle deposit account interest credits; and 4) produce the person or persons most knowledgeable of the methodology employed by BB&T for computing debit card charges and fees charged to BB&T customers.  This Court held oral argument on the motion on May 26, 2005, and the parties were given an opportunity to support their position with regard to the disputed portion of the subpoena.

## II.  Standard

The Fourth Circuit has clearly delineated its position with regards to the district court's ability to implement and enforce discovery parameters.  "[A] district court has wide latitude in controlling discovery and…its rulings will not be overturned absent a clear abuse of discretion." *Ardrey v. United Parcel Service*, 798 F.2d 679, 682 (4th Cir. 1986) (citations omitted).  Further, "[t]he latitude given the district court extends as well to the manner in which it orders the course and scope of discovery." *Id.* (citations omitted).  Finally, the Federal Rules of Civil Procedure

allow that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  FED. R. CIV. P. 26(b)(1).

### III.  Conclusion

This Court finds that the four requests by the Plaintiff are relevant to the Plaintiff's claims, and that there is no privilege in issue.  Accordingly, Plaintiff's Motion to Compel is GRANTED, and BB&T must comply with the 4 items in dispute.

IT IS THEREFORE ORDERED that BB&T must fully comply with the November 22, 2004 subpoena by producing the person or persons most knowledgeable from March 1, 2004 through present day on the four items requested by the Plaintiff in Items 1 through 4 of Attachment B to the Rule 30(b)(6) Deposition Notice.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
June __1__, 2005

3